■ John P. Trendell, Appellant, v State of New York, Respondent. [625 NYS2d 363] —Mikoll, J. P. Appeal from a judgment in favor of the State, entered January 6, 1994, upon a decision of the Court of Claims (Hanifin, J.) following a bifurcated trial.

Claimant seeks damages as a result of an alleged trespass and assault and battery upon him by a member of the State Police, Robert Thompson, allegedly occurring on November 29,

---

1991. A bifurcated trial was held on the question of liability only. This matter arose from an altercation between claimant and Thompson following the pursuit by Thompson of a person who had committed a traffic violation and then eluded Thompson after a high-speed chase, abandoning the car in the vicinity of claimant's mobile home. It was subsequently disclosed that the driver of the vehicle was claimant's brother, Richard Trendell. Thompson eventually pulled into claimant's driveway in search of the violator and came upon claimant and two others backing out of the drive in a pickup truck. Claimant confronted Thompson, demanding that he leave the property. After claimant attempted to extricate something from his shirt pocket, Thompson, who said he feared for his safety, grabbed claimant's arm and struggled with him, eventually cuffing him and then taking him to the State Police barracks. Claimant was charged with possession of the marihuana which was found in his shirt pocket.

Thompson testified that his vehicle had its emergency flashing lights on when he pulled into the drive and that he was uniformed when he confronted claimant, wearing a Stetson hat and a raincoat, both of which were standard Trooper issue. Claimant, on the other hand, stated that he did not realize that Thompson was an officer, did not recognize his rain slicker as Trooper attire, saw no hat and did not notice that Thompson's car was an official vehicle. Claimant contended that the vehicle did not have its emergency flashing lights on. He claimed that Thompson assaulted him physically, striking him in his chest with a metal flashlight, and pummelled him repeatedly.

The Court of Claims dismissed the claim, rejecting claimant's version of the events. Claimant, on this appeal, seeks a reversal of the court's decision. He argues that the Court of Claims, in ordering the trial to be bifurcated, precluded him from presenting expert medical testimony which he contends was relevant to the determination of liability. We reject claimant's contention on this ground, noting that he consented to bifurcation and then failed to act on the court's offer to allow any evidence of injuries which was relevant to liability. We consider claimant's objections to be waived and not reviewable on this appeal based on his failure to raise them at trial (see, McMillan v State of New York, 72 NY2d 871, 872).

Claimant contends that the dismissal of his claim for assault and battery is contrary to the evidence presented at trial. Initially, we note that questions of credibility are appropriately left to the trier of the fact. In this regard, the Court

of Claims' findings will be deferred to and where, as here, the Court of Claims' determination is supported by the record, it will not be disturbed on appeal *(see, De Luke v State of New York,* 169 AD2d 916, 918). We also find that the claim for trespass was properly dismissed.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.